## No. 10,223.

### LEONIDE LACROIX vs. P. NODAL & CO.

A party, avowedly not the owner of a trade-mark for the use of which he had been sued under the allegation that it was an imitation of another trade-mark, has no standing in court to sue for damages as a vindication of such trade-mark, after the dismissal of plaintiff's action on his own motion.

APPEAL from the Civil District Court, for the Parish of Orleans, *Righter* J.

---

*Farrar, Jonas & Krultschnitt* for Plaintiff and Appellee :

I.

A warrantor is only a defendant in a restricted sense of the term, *i. e.* in such a sense as to enable him to resist by all legal means or defense a judgment against the defendant, which, by reason of the recourse against him, would affect his interest; but no judgment

Lacroix vs. Nodal & Co.

can be rendered against the warrantor, except one in favor of defendant for such amount as he may be liable for under his warranty. See Steele vs. Smith. 9th Ann. p. 172.

## II.

A petition praying for a judgment against defendants, recognizing the title of plaintiffs to such goods as they may hereafter acquire, and forbidding plaintiffs from slandering the title of defendants to sell such goods as they may hereafter acquire from a third person, exhibits no cause of action, and a reconventional demand is of course subject to the same rules.

## III.

Answers to interrogatories on facts and articles form part of the pleadings and of the record. They bind a party as fully as, and are really part of, the answer itself. Whiting vs. Ivey, 3 Ann. 649; Walker vs. Villavaso. 18 Ann. 716; McLear & Kendall vs. Succession of Hunsicker, 29 Ann. 546.

*E. T. Florance* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Defendants appeal from a judgment which dismissed their reconventional demand on the ground that it disclosed no cause of action.

Plaintiff's action was based on an alleged infringement of his trademark for cigarette paper, which defendants were charged to have imitated in selling a spurious article bearing such trade-mark; in consequence of which he prayed for damages in the sum of ten thousand dollars and for an injunction. To his petition he annexed interrogatories on facts and articles intended to bring out the substantial facts alleged in his pleadings.

In their answers to the questions thus propounded to them, the defendants denied emphatically that they had sold cigarette paper corresponding in all respects with that covered by plaintiff's trade-mark, and which had not been manufactured by him. For answer to the suit they filed a general denial, followed by a special denial, that the cigarette paper which they had sold was an imitation of that manufactured by plaintiff.

They then aver that two other named parties were the owners of the trade-mark under which they were selling, and they call said parties in warranty. They conclude with a prayer to be decreed entitled to sell the paper bearing the trade-mark of their warrantors, which they annex to their answer, and claiming in reconvention damages against plaintiff for having, by his suit, slandered their business, and impeded their legal and free use of their warrantors' trade-mark.

The warrantors pleaded before service of process, affirming their title

to the trade-mark annexed to defendants' answer, and praying that defendants be quieted in their right to re-sell cigarette paper bearing their said trade-mark. At this juncture plaintiff discontinued his suit, but defendants, backed by their warrantors, insisted for a trial of their reconventional demand, which the court dismissed on plaintiff's suggestion that at that stage of the proceedings it disclosed no cause of action. From the foregoing statement of the pleadings it appears to our satisfaction as follows:

That defendants were not the owners of the trade-mark which they sought to vindicate, and that therefore they had no cause or reason to judicially claim any other right than that of using it in their dealings under the authority of their warrantors. But that right was conceded and fully recognized by the discontinuance of plaintiff's action which was the only obstacle in their way. That left them without any grievance or complaint which they could judicially assert, and therefore the case was thus stripped of all litigious contention. The ends of justice were fulfilled and the mission of the court was thus accomplished.

We therefore conclude that there is no error in the disposition made of the case by the District Court.

Judgment affirmed.